NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

The GERSTENSLAGER COMPANY, Respondent.

No. 73–1443.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 16, 1979.

Decided March 14, 1979.

Elliott Moore, Elinor Hadley Stillman, Asst. Gen. Counsel, Stuart M. Rosenblum, Paul Elkind, Peter Ames Eveleth, National Labor Relations Board, Washington, D.C., Philip Fusco, Director Region 8, N.L.R.B., Cleveland, Ohio, for petitioner.

Lincoln Oviatt, Critchfield, Critchfield, Critchfield & Johnston, Wooster, Ohio, for respondent.

Before WEICK and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

On July 8, 1976, the National Labor Relations Board petitioned the Court to find defendant Gerstenslager Company in contempt of our order of December 13, 1973, reported at 487 F.2d 1332 (1973), enforcing an earlier NLRB collective bargaining order, 202 N.L.R.B. 218 (1973). The Court appointed Senior District Judge Green, United States District Court for the Northern District of Ohio, as Special Master to hear evidence and recommend findings of fact and conclusions of law. The Master's report was filed on February 22, 1978.[1]

After an extensive review of the facts, the Master found that, while the Company had violated our order in several respects, it had not done so in "actual bad faith." The Master recommended that the Company be ordered to purge itself of contempt in the following respects:

(a) Complying in all respects with the decree of the Court of December 13, 1973.

(b) Proceeding within fifteen (15) days from the entry of the final contempt adjudication order to schedule bargaining meetings with the Union, and to continue with such meetings at reasonable intervals as agreed upon by the parties or as requested by either party.

(c) Bargaining collectively with the Union, as the exclusive representative of the Company's employees in the appropriate unit, until full agreement or bona fide impasse is reached.

(d) Incorporating in a written agreement any complete understanding which may be reached on terms and conditions of employment.

(e) Requiring any individual or agent authorized by the Company to negotiate on its behalf to read the order and to signify by writing that he has read and understands it, and supplying the Board's Eighth Regional Office with copies of such acknowledgments.

(f) Filing reports signed by the Company and Union every 30 days stating in summary form the nature and course of bargaining between the parties. If either party has exceptions to the joint summary, separate additional reports shall be filed at the same time. If, upon analysis of such reports and further investigation of the facts by the Board, the Board shall be of the opinion that the Company is not bargaining in good faith, it shall transmit such reports together with a supporting brief to the Court and propose appropriate sanctions for such conduct.

(g) Posting and properly maintaining in conspicuous places, including all places where notices to employees are customarily placed, for a period of 60 consecutive days copies of an appropriate notice in the form approved by the Board and signed by the Company, which states that the Company has been adjudicated in civil contempt and will take action in purgation as ordered by the Court.

(h) Filing a sworn statement with the Director of the Board's Eighth Re-

---

1. Due to its length, the Master's Report is not attached as an appendix. It is on file in the Court Clerk's office.

gion within fifteen days of adjudication and again at the end of the posting period showing what steps have been taken in compliance with the order.

The Board seeks a purgation order requiring, in addition to the Master's recommendations, the following:

(a) Payment to the Board all costs and expenses related to this proceeding, including attorneys' fees.

(b) Reimbursement to the Union for all costs and expenses incurred in the course of the collective bargaining process.

(c) A prospective fine of $50,000 to be imposed if, after 60 days, the company has failed to present satisfactory evidence of compliance.

We do not believe that the measures sought by the Board are necessary at this time. Accordingly, we adopt and incorporate by reference the Master's report, including his proposed order. Additionally, we retain jurisdiction over the Board's contempt petition to take appropriate action against the Company, its agents, officers or representatives responsible for noncompliance.

Accordingly, it is so ORDERED.